JUDGE WILLIAMS
delivered the opinion oe the court:
Shepherd was licensed, by the Carter comity court, to keep a tavern; before the expiration of the license, the county court, without any notice, suspended his license until the next term of the court. During this period appellant, as a volunteer, assisted him in retailing ardent spirits, and being indicted for keeping a tippling-house, he justifies under Shepherd’s license. To avoid this, the Commonwealth’s Attorney offered in evidence the order of suspension, to which appellant objected, but which the court admitted; and this presents the only serious question for our revision.
It is evident from sections 8 and 9, article 1, chapter 99, 2 Stanton's Revised Statutes, 407, that whether the county *27 judge, upon his own knowledge, or upon information of the trustees of the town, or some credible person, attempts to suspend the license of a tavern-keeper, he must “ cause the alleged offender to be summoned to appear before him, at a time and place designated, to show cause why his license shall not be suspended until the next county court;” and, “if he shall suspend the license, he shall forthwith return his proceedings to the county court, which court shall, at its next term, hear and decide the case.”
Instead of this proceeding, the county court, in term, seems to have heard two credible witnesses, and entered the order of suspension until the next term, without any summons or notice of any kind executed on Shepherd.
The license conferred a high privilege, which could not be taken wholly or partially from Shepherd without some notice to him, that he might show cause against his rights being interfered with; and the county court order, without such notice, was a nullity, and wholly incompetent as evidence for any purpose.
Wherefore, the judgment is reversed, with directions for a new trial, and further proceedings according to this opinion.